**NOT FOR PUBLICATION**

FILED & ENTERED

DEC 23 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:11-bk-53726-DS |
| Maria Victoria Reade, | Chapter: 7 |
| Debtor. | **MEMORANDUM DECISION REGARDING OBJECTIONS TO THE DEBTOR'S SECOND AMENDED HOMESTEAD EXEMPTION** |

Maria Victoria Reade (the "Debtor") filed a voluntary chapter 7 petition on October 20, 2011. Sam Leslie is the duly appointed chapter 7 trustee (the "Trustee").

The Debtor and her ex-husband, Keith Roizman ("Roizman") were involved in a marriage dissolution action commenced pre-petition in Los Angeles Superior Court (the "Superior Court Action," Los Angeles Superior Court Case No. BD512241). Wendy Sheinkopf ("Sheinkopf") represented Roizman, and Bernard Shoeps ("Shoeps") represented the Debtor.

On March 19, 2012, Shoeps filed Claim No. 9 for $77,492 based on his fees incurred representing the Debtor.

One of the disputes in the Superior Court Action was whether the Debtor was required to pay for Roizman's attorney's fees. On April 11, 2012, Sheinkopf filed Claim No. 12 (the "Claim") for up to $143,909.37 based on these fees. On October 23, 2013, the Los

Angeles Superior Court considered the ability of Roizman and the Debtor to pay these fees and issued a fee award (the "Fee Award Ruling") ordering the Debtor to pay Sheinkopf $73,000. The Debtor appealed the Fee Award Ruling, and the appeal is still pending.

On January 10, 2014, the Debtor filed an amendment to her Schedule C to claim a homestead exemption of $75,000 (the "Homestead Amendment"). The Debtor filed a proof of service on January 21, 2014, indicating that all parties had been given proper notice. Docket No. 138. The Trustee filed an opposition to the Homestead Amendment on February 10, 2014. Docket No. 143. On March 28, 2014, the court overruled the Trustee's objection and entered an order allowing the Debtor's Homestead Amendment of $75,000 pursuant to California Civil Procedure Code section 704.730 (the "Order"). Docket No. 148.

On June 16, 2014, Sheinkopf filed a motion to vacate the Order on the basis that she had not received proper service of the Homestead Amendment. Docket No. 152. On September 15, 2014, the court vacated the Order on the basis that service of the Homestead Amendment was improper and ordered the Debtor to properly serve notice of the Homestead Amendment and opportunity to object. Docket No. 165.

On September 23, 2014, the Debtor filed a second amended Schedule C, again asserting a $75,000 homestead exemption, and notified parties of the opportunity to object.

On October 15, 2014, Sheinkopf filed an objection to the Debtor's second amended homestead exemption on the basis of bad faith and prejudice. Docket No. 170. Specifically, Sheinkopf relied on the case law applying the bankruptcy court's equitable powers under section 105(a) of the Bankruptcy Code to disallow an exemption where the debtor has acted in bad faith and creditors are prejudiced. Sheinkopf further argued that even if the homestead exemption were allowed, the exemption would not be immune to her Claim because exempt property may be used to satisfy a judgment for spousal support under California Civil Procedure Code section 703.070.

On the same day, Shoeps filed an objection to the Debtor's second amended homestead exemption on the basis that it was late filed, prejudicial, and was a form of self-

help to avoid creditors. Docket No. 169. The Shoeps objection contains no discussion of legal authority, but at oral argument counsel stated that the objection essentially joined the Sheinkopf objection in asserting bad faith and prejudice.

## DISCUSSION

I. <u>There Is No Basis under Bankruptcy Law or California Law to Disallow the Amended Homestead Exemption</u>

The Bankruptcy Code authorizes a debtor to exempt certain assets. 11 U.S.C. § 522(b). Exempt assets are not available for payment of either pre-petition claims or administrative expenses. 11 U.S.C. § 522(c) and (k).

Bankruptcy Rule 1009 provides that a "schedule . . . may be amended by the debtor as a matter of course **at any time** before the case is closed," Fed. R. Bankr. P. 1009(a) (emphasis added), and the Ninth Circuit has applied this right to the claim of exemptions. *See Martinson v. Michael* (*In re Michael*), 163 F.3d 526, 529 (9th Cir. 1998); *see also Tyner v. Nicholson* (*In re Nicholson*), 435 B.R. 622, 630 (9th Cir. BAP 2010).[1]

California residents filing for bankruptcy must choose from two sets of exemption options under state law. 11 U.S.C. § 522(b)(1); Cal. Civ. Proc. Code § 703.130; *Flinn v. Morris* (*In re Steward*), 227 B.R. 895, 898 (9th Cir. BAP 1998). "One set of exemptions are the state law non-bankruptcy exemptions, including a homestead exemption, . . . [and] [t]he other set of exemptions is modeled closely upon the federal exemptions listed in § 522(d)." *Id*. A debtor may choose only one set of exemptions. *Id*.; *see* Cal. Civ. Proc. Code § 703.140(a). Under the Bankruptcy Code and California law, exemptions are to be construed liberally in favor of the debtor. *In re Arrol*, 207 B.R. 662, 665 (Bankr. N.D. Cal. 1997).

Although exemptions and their amendments are liberally construed, a judicially created limit on this latitude and flexibility arose. Bankruptcy courts throughout the country, including courts in the Ninth Circuit, have denied leave to amend or disallowed a claimed

---

[1] Shoeps argues that the homestead exemption is "untimely," without further explanation or reference to bankruptcy or California law. This argument is without merit.

exemption if the trustee or other party in interest timely objected and showed that either: (1) the debtor acted in bad faith; or (2) creditors were prejudiced. *Michael*, 163 F.3d at 529 (adopting the test set forth in *Doan v. Hudgins* (*In re Doan*), 672 F.2d 831 (11th Cir. 1982)). The Bankruptcy Code does not mention either "bad faith" or "prejudice" as a basis for disallowing an original or amended exemption. *See Arnold v. Gill* (*In re Arnold*), 252 B.R. 778, 784 (9th Cir. BAP 2000) (acknowledging that disallowing amended exemptions based on bad faith or prejudice represents "judge-made exceptions"). Instead, courts have relied on section 105(a) as the source of their equitable power to disallow amended exemptions on those grounds. *Nicholson*, 435 B.R. at 630.[2]

This judicially created power was effectively abrogated by the recent United States Supreme Court decision *Law v. Siegel,* ——U.S. ——, 134 S. Ct. 1188 (2014). In *Law*, the debtor fabricated a lien against his home in an attempt to keep equity in the home from his creditors. The debtor also claimed a $75,000 homestead exemption under California Civil Procedure Code section 704.730(a)(1). The chapter 7 trustee successfully challenged the lien and obtained a determination from the bankruptcy court that Mr. Law had perpetrated a fraud. The court ruled that the trustee could surcharge the debtor's homestead exemption to pay the trustee's attorneys' fees. The debtor appealed, and the Bankruptcy Appellate Panel of the Ninth Circuit and the Ninth Circuit affirmed.

The Supreme Court reversed, holding that the general equitable powers of section 105(a) did not provide authority for judge-made exceptions to explicit mandates of the Bankruptcy Code. Because section 522(k) explicitly prohibits the use of exempt property to satisfy administrative expenses such as attorney fees, the bankruptcy court was not authorized to invoke a judge-made equitable exception to order otherwise. *Law*, 134 S. Ct. at 1194 ("We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code."). The Supreme Court emphasized that "federal law provides no authority for bankruptcy courts to

---

[2] For a more complete discussion of a debtor's right to claim and amend exemptions, and the judicially created limits on this right, see *In re Arellano*, 517 B.R. 228, 231 (Bankr. S.D. Cal. 2014).

deny an exemption on a ground not specified in the Code," and that any basis for denial of a state law exemption must arise under state law. *Id*. at 1197-98.

This court lacks the authority to disallow the Debtor's claimed homestead exemption based on section 105(a), whether indirectly by denying leave to amend or directly by disallowing the exemption, because doing so would be clearly irreconcilable with *Law*. A growing number of cases have so held. *E.g. Elliott v. Weil* (*In re Elliott*), No. CC-14-1050-KiTaD, 2014 WL 6972472 (9th Cir. BAP Dec. 10, 2014); *In re Arellano*, 517 B.R. 228, 231 (Bankr. S.D. Cal. 2014); *In re Franklin*, 506 B.R. 765, 771 (Bankr. C.D. Ill. 2014); *In re Pipkins*, Case No. 13–30087DM, 2014 WL 2756552, at *7 (Bankr. N.D. Cal. June 17, 2014); *In re Gutierrez*, No. 12–60444, 2014 WL 2712503, at *6 (Bankr. E.D. Cal. June 12, 2014); *In re Gress*, 517 B.R. 543, 547-48 (Bankr. M.D. Pa. 2014); *In re Scotchel*, Case No. 12–09, 2014 WL 4327947, at *4 (Bankr. N.D. W. Va. Aug. 28, 2014).

Of course, section 105(a) is not the only basis for denial of a homestead exemption. Where, as here, a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may provide a basis for denial of the exemption. *Law*, at 1196-97 (2014); *Elliott*, 2014 WL 6972472. In this case, neither Sheinkopf nor Shoeps has cited any state law basis to deny the Debtor's homestead exemption for bad faith or prejudice (or for any other reason). Accordingly, there is no basis in the record to disallow the Debtor's amended claim of exemption

II. <u>Nondischargeability of Sheinkopf's Claim Is Irrelevant to Allowing the Exemption; Nondischargeability Is Only Relevant to Determining Whether Exempt Property May Be Used to Satisfy the Claim</u>

Sheinkopf has also argued that the Debtor's homestead exemption is not immune from the application of a judgment for spousal support under California Civil Procedure Code section 703.070 and the Bankruptcy Code. She is correct. California Civil Procedure Code section 703.070 provides that "if property sought to be applied to the satisfaction of a judgment for child, family, or spousal support is shown to be exempt under subdivision (a) in appropriate proceedings, the court shall, upon noticed motion of the judgment creditor,

1 determine the extent to which the exempt property nevertheless shall be applied to the
2 satisfaction of the judgment." Cal. Civ. Proc. Code § 703.070. The Bankruptcy Code also
3 provides that debts of this type are not dischargeable in a bankruptcy case. 11 U.S.C. §
4 523(a)(5) and (15).

5 However, the present motion is an objection to the Debtor's amended homestead
6 exemption, and the nondischargeability of the Claim is not a basis to deny the Debtor's
7 amended homestead exemption. Section 703.070 does not provide any basis to deny a
8 homestead exemption. Instead, it allows the court to determine the extent to which
9 property "shown to be exempt" may be used to satisfy a judgment. Cal. Civ. Proc. Code §
10 703.070(c). By the plain language of the statute, the property must be exempt for section
11 703.070 to apply. Thus, while Sheinkopf has not provided a reason to deny the Debtor's
12 homestead exemption, the exempt property may still be used to satisfy her Claim, provided
13 that Sheinkopf meets the requirements of section 703.070: she must obtain a judgment
14 from the Superior Court and file a noticed motion with the Superior Court for a
15 determination that the exempt property "shall be applied to the satisfaction of the
16 judgment." Cal. Civ. Proc. Code § 703.070.

17 As a preliminary matter, California Civil Procedure Code section 703.070 allows the
18 court to determine "the extent to which the otherwise exempt property is to be applied to
19 the satisfaction of [a] *judgment*." Cal. Civ. Proc. Code § 703.070(c) (emphasis added).
20 Here, Sheinkopf admittedly does not have a judgment; the Fee Award Ruling is on appeal.
21 Reply, Docket No. 175, at 6:21. Before Sheinkopf can proceed further, she must obtain a
22 judgment from the Superior Court.

23 Sheinkopf must then meet the remaining requirements of section 703.070 to obtain
24 a determination from the Superior Court that exempt property may be used to satisfy her
25 judgment. She may also seek a determination of bankruptcy nondischargeability from the
26 Superior Court when she reduces her Fee Award Ruling to judgment. It is appropriate for
27 the Superior Court to make the determination that its order is one for spousal support, and
28 thus not dischargeable. *See In re Siragusa*, 27 F.3d 406, 408 (9th Cir. 1994) ("[T]he

divorce court had jurisdiction to determine that the payments to [the debtor's ex-wife] were in the nature of alimony, and therefore not dischargeable under § 523(a)(5)."); *In re Menk*, 241 B.R. 896, 905 (9th Cir. BAP 1999) ("This conclusion squares with the fact that § 523(a)(3)(B) nondischargeability actions can be commenced 'at any time,' including after bankruptcy and in a nonbankruptcy court.").

As noted above, the Bankruptcy Code provides that debts for a domestic support obligation or debts to a spouse, former spouse, or child of the debtor in connection with a divorce decree or other court order are excepted from a debtor's discharge. 11 U.S.C. § 523(a)(5) and (15). These debts are non-dischargeable automatically, and Sheinkopf would not need to file an adversary complaint in bankruptcy court to preserve nondischargeability and seek payment from the Debtor. *See* 11 U.S.C. § 523(c)(1); *In re Couture*, 2014 WL 293775, at *2 (Bankr. D. Mont. Jan. 27, 2014)("debts for a domestic support obligation or in connection with a divorce decree are excepted from discharge by statute, without the need for an adversary proceeding or trial").

## CONCLUSION

For the foregoing reasons, the objections of creditors Sheinkopf and Shoeps to the Debtor's second amended homestead exemption are OVERRULED.

The court will enter a separate order consistent with this memorandum decision.

###

Date: December 23, 2014

Deborah J. Saltzman
United States Bankruptcy Judge